IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| INNOVATIVE PATENTED TECHNOLOGY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | JURY DEMAND |
| MOTOROLA, INC. | ) ) ) | |
| Defendant. | ) | |

PH

**FILED**
**DECEMBER 31, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 5**

**JUDGE DOW**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovative Patented Technology, LLC complains of defendant, Motorola, Inc. ("Motorola") as follows:

## NATURE OF ACTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## INNOVATIVE PATENTED TECHNOLOGY AND THE PATENTS-IN-SUIT

2. Innovative Patented Technology, LLC ("IPT") is a Florida limited liability company with offices in Highland Beach, Florida.

3. The patents-in-suit are: United States Patent No. 7,096,187 ("the '187 patent"), entitled "Compressed Audio Information" which issued on August 22, 2006 (Exhibit A); United States Patent No. 7,260,421 ("the '421 patent") entitled "Communication Device That Communicates Events Using Compressed Audio Information" which issued on August 21, 2007 (Exhibit B); United States Patent No. 6,738,643 ("the '643 patent") entitled "Telephone Sync" which issued on May 18, 2004 (Exhibit C); and United States Patent No. 7,079,652 ("the '652

patent") entitled "Login Renewal Based On Device Surroundings", which issued on July 18, 2006 (Exhibit D).

4. IPT owns all right, title and interest in and has standing to sue for infringement of the '187, '421, '643 and '652 patents.

## DEFENDANT

5. Motorola, Inc. is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

## JURISDICTION AND VENUE

6. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

7. Defendant is subject to personal jurisdiction in this judicial district because it has its corporate headquarters in this judicial district and has transacted business and committed acts of infringement in this district, at least by making, using, offering to sell, and selling infringing products through retailer locations located in this judicial district and through websites that are designed to reach and are, in fact, used by customers in this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Motorola is subject to personal jurisdiction, does business and has committed acts of infringement in this judicial district.

## INFRINGEMENT

9. Motorola has directly infringed and is now directly infringing the asserted claims of the '187, '421, 643 and '652 patents through the manufacture, use, sale and/or offer for sale of cellular phones that are covered by the four

patents in violation of 35 U.S.C. §271.  Motorola has also infringed the patents in suit by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, and/or offer for sale of its cellular phones.

10. Specifically, Motorola's manufacture, use, sale and/or offer for sale of its cellular phone models, including, but not limited to models RAZR V3i and Motorola Q which are representative of at least the following models: MOTORAZR Maxx Ve, MOTOKRZR, V3 GSM, MOTORAZR 2V9, MOTORAZR 2 V9m, MOTORAZR V3, MOTORAZR V3xx 3G, MOTORAZR V3a, MOTORAZR Maxx Ve, MOTOKRZR K1, MOTOKRZR K1m, MOTO Q music 9m, MOTORIZR Z3, MOTOSLVR L7c, and all models similarly manufactured, constitute infringement of at least claims 13, 15, 16 and 17 of the '187 patent; claims 1, 3, and 9 of the '421 patent; claim 7 of the '643 patent; and claim 7 of the '652 patent.

11. Motorola has also induced third parties to infringe the '187, '421, '643, and '652 patents including, users and service providers/retailers that offer plans compatible with Motorola cellular telephones and who sell Motorola cellular telephones.  Motorola is inducing such acts of infringement and/or contributing to the infringement of others by, among other activities, providing third parties with instructions on how to make, use, sell, and offer to sell Motorola cellular telephones as defined in at least claims 13, 15, 16 and 17 of the '187 patent; claims 1, 3, and 9 of the '421 patent; claim 7 of the '643 patent; and claim 7 of the '652 patent.

12. Motorola's infringement, contributory infringement and/or inducement to infringe is and has been willful and deliberate, and has injured and will continue to injure IPT because Motorola has acted in an objectively reckless fashion since gaining knowledge of one or more of the patents in suit.

13. Accordingly, IPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

14. Motorola's infringement, contributory infringement and inducement to infringe caused irreparable harm to IPT, who has no adequate remedy at law, and will continue to injure IPT, unless and until this Court enters an injunction prohibiting further infringement of the '187, '421, '643, and '652 patents.

15. IPT has complied with the requirements of 35 U.S.C. §287.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Innovative Patented Technology, LLC, respectfully requests this Court enter judgment against Motorola, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of IPT;

B. An award of damages adequate to compensate IPT for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to IPT of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement of infringement and/or contributory infringement of the '187, '421, '643, and '652 patents; and,

E. Such other relief that IPT is entitled to under law and any other relief that this Court or a jury may deem just and proper.

## JURY DEMAND

IPT demands a trial by jury on all issues presented in this complaint.

INNOVATIVE PATENTED TECHNOLOGY, LLC.

/s/Raymond P. Niro
Raymond P. Niro
Dina M. Hayes
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
(312) 236-0733
Fax:  (312) 236-3137
rniro@nshn.com
hayes@nshn.com