IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INNOVATIVE PATENTED TECHNOLOGY, LLC § § § Plaintiff, § § v. § § MOTOROLA, INC. § § Defendant. § § ──────────────────────────── § MOTOROLA, INC. § § Counterclaim-Plaintiff, § § v. § § INNOVATIVE PATENTED § TECHNOLOGY, LLC § § Counterclaim-Defendant. § | Civil File No. 08 C 00005 Honorable Judge Robert M. Dow, Jr. Magistrate Judge Nan R. Nolan |

**DEFENDANT'S ANSWER, COUNTERCLAIMS AND JURY DEMAND**

Defendant Motorola, Inc. ("Motorola"), by and through its undersigned counsel, answers the Complaint for Patent Infringement of Innovative Patented Technology, LLC, who purports to bring this action under the federal patent law, as follows:

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer:** Motorola admits that Innovative Patented Technology, LLC ("IPT") filed a claim for patent infringement arising under Title 35 of the United States Code.

2.     Innovative Patented Technology, LLC ("IPT") is a Florida limited liability company with offices in Highland Beach, Florida.

**Answer:** Motorola lacks sufficient knowledge and information to admit or deny the allegations of paragraph 2, and therefore denies the same.

3.     The patents-in-suit are: United States Patent No. 7,096,187 ("the '187 patent"), entitled "Compressed Audio Information" which issued on August 22, 2006 (Exhibit A); United States Patent No. 7,260,421 ("the '421 patent") entitled "Communication Device That Communicates Events Using Compressed Audio Information" which issued on August 21, 2007 (Exhibit B); United States Patent No. 6,738,643 ("the '643 patent") entitled "Telephone Sync" which issued on May 18, 2004 (Exhibit C); and United States Patent No. 7,079,652 ("the '652 patent") entitled "Login Renewal Based On Device Surroundings" which issued on July 18, 2006 (Exhibit D).

**Answer:** Motorola admits that U.S. Patent No. 7,096,187 (the "'187 patent"), entitled "Compressed Audio Information," issued on August 22, 2006 and that a copy of the '187 patent was attached to the Complaint as Exhibit A.  Motorola admits that U.S. Patent No. 7,260,421 (the "'421 patent"), entitled "Communication Device That Communicates Events Using Compressed Audio Information," issued on August 21, 2007 and that a copy of the '421 patent was attached to the Complaint as Exhibit B.  Motorola admits that U.S. Patent No. 6,738,643 (the "'643 patent"), entitled "Telephone Sync," issued on May 18, 2004 and that a copy of the '643 patent was attached to the Complaint as Exhibit C.  Motorola admits that U.S. Patent No. 7,079,652 (the "'652 patent"), entitled "Login Renewal Based On Device Surroundings," issued on July 18, 2006 and that a copy of the '652 patent was attached to the Complaint as Exhibit D.

Motorola lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 3, and therefore denies the same.

4.  IPT owns all right, title and interest in and has standing to sue for infringement of the '187, '421, '643, and '652 patents.

**Answer:** Motorola lacks sufficient knowledge and information to admit or deny the allegations of paragraph 4, and therefore denies the same.

5.  Motorola, Inc. is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

**Answer:** Admitted.

6.  This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**Answer:** Motorola admits that this Court has subject matter jurisdiction for Plaintiff's claim for patent infringement under 28 U.S.C. § 1338(a). Motorola denies the remaining allegations of paragraph 6.

7.  Defendant is subject to personal jurisdiction in this judicial district because it has its corporate headquarters in this judicial district and has transacted business and committed acts of infringement in this district, at least by making, using, offering to sell, and selling infringing products through retailer locations located in this judicial district and through websites that are designed to reach and are, in fact, used by customers in this judicial district.

**Answer:** Motorola admits that it is subject to personal jurisdiction in this judicial district. Motorola denies the remaining allegations of paragraph 7.

8.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Motorola is subject to personal jurisdiction, does business and has committed acts of infringement in this judicial district.

**Answer:** Motorola admits that venue is proper in this judicial district. Motorola denies the remaining allegations of paragraph 8.

9. Motorola has directly infringed and is now directly infringing the asserted claims of the '187, '421, '643, and '652 patents through the manufacture, use, sale and/or offer for sale of cellular phones that are covered by the four patents in violation of 35 U.S.C. § 271. Motorola has also infringed the patents-in-suit by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, and/or offer for sale of its cellular phones.

**Answer:** Denied.

10. Specifically, Motorola's manufacture, use, sale and/or offer for sale of its cellular phone models, including but not limited to models RAZR V3i and Motorola Q which are representative of at least the following models: MOTORAZR Maxx Ve, MOTOKRZR, V3 GSM, MOTORAZR 2V9, MOTORAZR 2V9m, MOTORAZR V3, MOTORAZR V3xx 3G, MOTORAZR V3a, MOTORAZR Maxx Ve, MOTOKRZR K1, MOTOKRZR K1m, MOTO Q music 9m, MOTORIZR Z3, MOTOSLVR L7c, and all models similarly manufactured, constitute infringement of at least claims 13, 15, 16, and 17 of the '187 patent; claims 1, 3, and 9 of the '421 patent; claim 7 of the '643 patent; and claim 7 of the '652 patent.

**Answer:** Denied.

11. Motorola has also induced third parties to infringe the '187, '421, '643, and '652 patents including users and service providers/retailers that offer plans compatible with Motorola cellular telephones and who sell Motorola cellular telephones. Motorola is inducing such acts of infringement and/or contributing to the infringement of others by, among other activities, providing third parties with instructions on how to make, use, sell, and offer to sell Motorola cellular telephones as defined in at least claims 13, 15, 16, and 17 of the '187 patent; claims 1, 3, and 9 of the '421 patent; claim 7 of the '643 patent; and claim 7 of the '652 patent.

**Answer:** Denied.

12. Motorola's infringement, contributory infringement and/or inducement to infringe is and has been willful and deliberate, and has injured and will continue to injure IPT because Motorola has acted in an objectively reckless fashion since gaining knowledge of one or more of the patents-in-suit.

**Answer:** Denied.

13. Accordingly, IPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Answer:** Denied.

14.　　Motorola's infringement, contributory infringement and inducement to infringe caused irreparable harm to IPT, who has no adequate remedy at law, and will continue to injure IPT, unless and until this Court enters an injunction prohibiting further infringement of the '187, '421, '643, and '652 patents.

**Answer:** Denied.

15.　　IPT has complied with the requirements of 35 U.S.C. § 287.

**Answer:** Motorola lacks sufficient knowledge and information to admit or deny the allegations of paragraph 15, and therefore denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

16.　　Motorola acknowledges IPT's prayer for relief, and denies that IPT is entitled to such relief.

## ADDITIONAL DEFENSES

17.　　Motorola asserts and alleges the following defenses to Plaintiff's Complaint. In so doing, Motorola does not admit any of the allegations in the Complaint and does not concede that Plaintiff has properly stated any cause of action therein.

## FIRST ADDITIONAL DEFENSE

(Invalidity And/Or Unenforceability)

18.　　The '187 patent, the '421 patent, the '643 patent, and the '652 patent (collectively, the "asserted patents") are invalid and/or unenforceable for failure to comply with one or more provisions of the United States Code, including Sections 102, 103 and 112 in Title

35, and/or the Rules and Regulations of the U.S. Patent & Trademark Office stated in Title 37, C.F.R.

### SECOND ADDITIONAL DEFENSE

(Non-infringement)

19.  Motorola has not infringed any valid claim of the asserted patents.

20.  Motorola has not induced or contributed to the infringement by another of any valid claim of the asserted patents.

### THIRD ADDITIONAL DEFENSE

(Marking)

21.  On information and belief, the Complaint and/or demand for relief is barred, in whole or in part, by 35 U.S.C. § 287.

### FOURTH ADDITIONAL DEFENSE

(Standing)

22.  Mr. Scott C. Harris ("Harris") is the sole inventor listed on each of the asserted patents.

23.  On information and belief, Harris was employed from 1994 until September 14, 2007 by Fish & Richardson P.C. ("Fish"). Harris's employment with Fish was subject to an employment contract ("Contract") that he entered into with Fish. (A copy of the Contract is attached hereto as Exhibit A). Harris filed, prosecuted and had issued numerous

patents and patent applications (the "Harris portfolio") while employed by Fish, the Harris portfolio including each and every one of the asserted patents.

24. On information and belief, in a litigation captioned *Illinois Computer Research, LLC v. Google Inc.*, Case No. 07 C 5081 (N.D. Ill.) (the "ICR Case"), Fish alleged that, while a Fish employee, Harris filed and prosecuted the Harris portfolio using Fish resources. On information and belief, Fish also alleged in the ICR Case that, while a Fish employee, Harris used his own legal services to prosecute the Harris portfolio.

25. On information and belief, Harris's prosecution, assignment and/or licensing of the asserted patents violated terms of the Contract that Harris entered into with Fish and/or breached Harris's fiduciary duties to Fish clients and/or to Fish. On information and belief, under the terms of the Contract and/or as a result of Harris's actions while employed by Fish, Fish is an owner or co-owner of the asserted patents.

26. On information and belief, Fish has not consented to this lawsuit against Motorola.

27. On information and belief, IPT lacks standing to enforce the asserted patents.

## OTHER ADDITIONAL DEFENSES

28. Motorola's responses in Paragraphs 1-27 are based on information currently in Motorola's possession. Motorola reserves the right to amend this Answer as Motorola learns more regarding IPT's claims. Any allegation of the Complaint that Motorola has not expressly admitted in the preceding responses of Paragraphs 1-16 is denied. Further, because Motorola's investigation is ongoing, and discovery has not yet been taken, Motorola is without sufficient information regarding the existence or non-existence of other facts, acts, and/or evidence that

may constitute a defense to IPT's claims of patent infringement or that may establish the invalidity or unenforceability of the claims of the asserted patents, including additional prior art or related patents. Motorola accordingly gives notice that it may assert facts, acts, and/or evidence which tend to establish non-infringement, invalidity, unenforceability, or which otherwise constitute a defense under Title 35 of the United States Code.

## COUNTERCLAIMS

29.　Defendant/Counterclaim Plaintiff Motorola pleads the following Counterclaims against Plaintiff/Counterclaim Defendant IPT:

## THE PARTIES

30.　Counterclaim-Plaintiff Motorola is a Delaware corporation organized and existing under the laws of Delaware and having a principal place of business at 1393 East Algonquin Road, Shaumburg, Illinois 60196.

31.　Counterclaim-Defendant IPT, on information and belief, is a Florida limited liability corporation organized and existing under the laws of Florida and having a principal place of business in Florida.

## JURISDICTION AND VENUE

32.　This Court has subject matter jurisdiction for this counterclaim for declaratory relief under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents under 28 U.S.C. § 1338(a). A justiciable

controversy exists between Motorola and IPT concerning the validity, enforceability and scope of the asserted patents and any Motorola liability for alleged infringement of claims therein.

33. Personal jurisdiction and venue properly lie in this judicial district by virtue of IPT having filed in this Court its Complaint.

### COUNTERCLAIM I:  NON-INFRINGEMENT OF THE '187 PATENT

34. Motorola incorporates the allegations of paragraphs 1-33 above as if fully stated herein.

35. IPT has alleged and claimed that it owns the '187 patent.

36. IPT has alleged and claimed that Motorola infringes at least one claim of the '187 patent.

37. Motorola does not infringe any valid claim of the '187 patent and has not induced or contributed to the infringement by another of any valid claim of the '187 patent.

38. Motorola is entitled to a judicial declaration that it does not infringe any valid claim of the '187 patent.

### COUNTERCLAIM II:  NON-INFRINGEMENT OF THE '421 PATENT

39. Motorola incorporates the allegations of paragraphs 1-33 above as if fully stated herein.

40. IPT has alleged and claimed that it owns the '421 patent.

41. IPT has alleged and claimed that Motorola infringes at least one claim of the '421 patent.

42. Motorola does not infringe any valid claim of the '421 patent and has not induced or contributed to the infringement by another of any valid claim of the '421 patent.

43. Motorola is entitled to a judicial declaration that it does not infringe any valid claim of the '421 patent.

### COUNTERCLAIM III:  NON-INFRINGEMENT OF THE '643 PATENT

44. Motorola incorporates the allegations of paragraphs 1-33 above as if fully stated herein.

45. IPT has alleged and claimed that it owns the '643 patent.

46. IPT has alleged and claimed that Motorola infringes at least one claim of the '643 patent.

47. Motorola does not infringe any valid claim of the '643 patent and has not induced or contributed to the infringement by another of any valid claim of the '643 patent.

48. Motorola is entitled to a judicial declaration that it does not infringe any valid claim of the '643 patent.

### COUNTERCLAIM IV:  NON-INFRINGEMENT OF THE '652 PATENT

49. Motorola incorporates the allegations of paragraphs 1-33 above as if fully stated herein.

50. IPT has alleged and claimed that it owns the '652 patent.

51. IPT has alleged and claimed that Motorola infringes at least one claim of the '652 patent.

52. Motorola does not infringe any valid claim of the '652 patent and has not induced or contributed to the infringement by another of any valid claim of the '652 patent.

53. Motorola is entitled to a judicial declaration that it does not infringe any valid claim of the '652 patent.

### COUNTERCLAIM V: INVALIDITY OF THE '187 PATENT

54. Motorola incorporates the allegations of paragraphs 1-38 above as if fully stated herein.

55. IPT has alleged that the '187 patent is valid and enforceable.

56. On information and belief, the '187 patent is invalid for failure to meet the conditions of patentability stated in Title 35 of the United States Code, including Sections 102, 103, and/or 112.

57. Motorola is entitled to a judicial declaration that the '187 patent is invalid.

### COUNTERCLAIM VI: INVALIDITY OF THE '421 PATENT

58. Motorola incorporates the allegations of paragraphs 1-33 and 39-43 above as if fully stated herein.

59. IPT has alleged that the '421 patent is valid and enforceable.

60. On information and belief, the '421 patent is invalid for failure to meet the conditions of patentability stated in Title 35 of the United States Code, including Sections 102, 103, and/or 112.

61. Motorola is entitled to a judicial declaration that the '421 patent is invalid.

### COUNTERCLAIM VII:  INVALIDITY OF THE '643 PATENT

62. Motorola incorporates the allegations of paragraphs 1-33 and 44-48 above as if fully stated herein.

63. IPT has alleged that the '643 patent is valid and enforceable.

64. On information and belief, the '643 patent is invalid for failure to meet the conditions of patentability stated in Title 35 of the United States Code, including Sections 102, 103, and/or 112.

65. Motorola is entitled to a judicial declaration that the '643 patent is invalid.

### COUNTERCLAIM VIII:  INVALIDITY OF THE '652 PATENT

66. Motorola incorporates the allegations of paragraphs 1-33 and 49-53 above as if fully stated herein.

67. IPT has alleged that the '652 patent is valid and enforceable.

68. On information and belief, the '652 patent is invalid for failure to meet the conditions of patentability stated in Title 35 of the United States Code, including Sections 102, 103, and/or 112.

69. Motorola is entitled to a judicial declaration that the '652 patent is invalid.

### COUNTERCLAIM IX:  UNENFORCEABILITY OF THE '187 PATENT

70. Motorola incorporates the allegations of paragraphs 1-38 and 54-57 above as if fully stated herein.

71. On information and belief, the '187 patent is unenforceable for one or more of the grounds alleged in foregoing paragraphs 1-38 and 54-57.

72.     Motorola is entitled to a judicial declaration that the '187 patent is unenforceable.

### COUNTERCLAIM X:  UNENFORCEABILITY OF THE '421 PATENT

73.     Motorola incorporates the allegations of paragraphs 1-33, 39-43 and 58-61 above as if fully stated herein.

74.     On information and belief, the '421 patent is unenforceable for one or more of the grounds alleged in foregoing paragraphs 1-33, 39-43 and 58-61.

75.     Motorola is entitled to a judicial declaration that the '421 patent is unenforceable.

### COUNTERCLAIM XI:  UNENFORCEABILITY OF THE '643 PATENT

76.     Motorola incorporates the allegations of paragraphs 1-33, 44-48 and 62-65 above as if fully stated herein.

77.     On information and belief, the '643 patent is unenforceable for one or more of the grounds alleged in foregoing paragraphs 1-33, 44-48 and 62-65.

78.     Motorola is entitled to a judicial declaration that the '643 patent is unenforceable.

### COUNTERCLAIM XII:  UNENFORCEABILITY OF THE '652 PATENT

79.     Motorola incorporates the allegations of paragraphs 1-33, 49-53 and 66-69 above as if fully stated herein.

80.     On information and belief, the '652 patent is unenforceable for one or more of the grounds alleged in foregoing paragraphs 1-33, 49-53 and 66-69.

81.     Motorola is entitled to a judicial declaration that the '652 patent is unenforceable.

**JURY DEMAND**

In accordance with Fed. R. Civ. P. 38(b), Motorola hereby demands a trial by jury of all issues so triable.

WHEREFORE, MOTOROLA prays for the following relief:

A.   That the Complaint be dismissed with prejudice;

B.   That the '187 patent be declared invalid and/or unenforceable;

C.   That the '421 patent be declared invalid and/or unenforceable;

D.   That the '643 patent be declared invalid and/or unenforceable;

E.   That the '652 patent be declared invalid and/or unenforceable;

F.   That Motorola be declared not to have infringed any valid claim of the '187 patent;

G.   That Motorola be declared not to have infringed any valid claim of the '421 patent;

H.   That Motorola be declared not to have infringed any valid claim of the '643 patent;

I.   That Motorola be declared not to have infringed any valid claim of the '652 patent;

J.   That Motorola be found not to have violated any other rights of IPT;

K.   That the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Motorola its costs and expenses including reasonable attorney fees; and

L.   That Motorola be awarded such other and further relief that the Court may deem just or proper under the circumstances.

Date: <u>February 21, 2008</u>                                        Respectfully Submitted,


   <u>/s/  Peter J. Meyer</u>
Peter J. Meyer (Bar # 6187748)
Attorney for Motorola, Inc.

*STEPTOE & JOHNSON LLP*
115 South LaSalle Street
Suite 3100
Chicago IL, 60603
312.577.1300
312.577.1370

Steven Davidson*
Scott W. Doyle*
Michael Baratz*
Emily Cohen*
Daniel Girdwood*
Attorneys for Motorola, Inc.

*STEPTOE & JOHNSON LLP*
1330 Connecticut Ave NW
Washington, DC 20036
202.429.3000
202.429.3902 (fax)

* seeking *pro hac vice* admission