IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INNOVATIVE PATENTED TECHNOLOGY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:08 cv 00005 |
| v. | ) ) | |
| MOTOROLA, INC., | ) ) | Honorable Robert M. Dow |
| | ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) | |

## JOINT RULE 26(F) REPORT

**1.     Meeting.**  Pursuant to this Court's Order of January 28, 2008, the Local Rules and Rule 26(f), Fed.R.Civ.P., a meeting was held on February 12, 2008, and was participated in by:

   A.   On behalf of Plaintiff Innovative Patented Technology, L.L.C. ("Plaintiff"): Dina M. Hayes, Esq., of Niro, Scavone, Haller & Niro.  In addition to Ms. Hayes, Plaintiff expects Raymond P. Niro to try the case.

   B.   On behalf of Defendant Motorola, Inc., ("Defendant") Scott W. Doyle, Esq. and Peter J. Meyer, Esq., of Steptoe & Johnson LLP.  In addition to Mr. Meyer, Defendant expects the following attorneys to try the case: Steven Davidson, Scott W. Doyle, Michael Baratz, Emily Cohen, and Daniel Girdwood.

The parties discussed the nature of and bases for their claims and defenses, as well as the possibilities for a prompt settlement, and developed the following proposed discovery plan.

1

2.  **Basis For Federal Jurisdiction.**  The Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

3.  **Nature Of The Claims Asserted.**  Plaintiff's claims are, by nature, patent infringement claims generally directed at alleged infringement of four patents by Motorola cellular phone products.  Defendant's counter-claims will be, by nature, declaratory judgment claims generally directed at noninfringement, invalidity, and unenforceability of the same four patents.

4.  **Principal Legal Issues.**  The principal legal issues in the case involve the validity, enforceability and scope of the patents-in-suit.

5.  **Principal Factual Issues.**  The principal factual issues in the case involve the state of the prior art, the operation of Motorola cellular phone products, and the extent of alleged damages.

6.  **Jury Demand.**  The parties request a trial by jury on all issues so triable.

7.  **Trial Date.**  The parties disagree as to the earliest date the parties can be ready for trial.  Plaintiff believes the parties can be ready for trial by March of 2009.  Defendant believes the parties will not be ready for trial until November of 2009.

8.  **Estimated Trial Length.**  The parties estimate ten days will be required for trial.

9.  **Magistrate Judge.**  The parties do not consent to proceed before a Magistrate Judge.

10.  **Pre-Discovery Disclosures.**  The parties will exchange by **April 4, 2008** the information required by Rule 26(a)(1), Fed.R.Civ.P.

11.  **Discovery Plan.**  The parties have not yet taken formal discovery.

However, the parties jointly propose to the Court the following discovery plan:

    A.    Discovery will be needed on at least the following subjects: patent validity, patent infringement, patent enforceability, patent ownership, damages, and willfulness.

    B.    The parties do *not* agree as to when discovery should be completed. Plaintiff believes all fact discovery commenced in time should be completed by **July 11, 2008**, and all expert discovery commenced in time should be completed by **November 3, 2008**. Defendant believes all fact discovery commenced in time should be completed by **January 23, 2009**, and all expert discovery commenced in time should be completed by **May 10, 2009**.

    C.    The parties agree that the limitations of the Federal Rules of Civil Procedure shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court.

    D.    The parties have discussed issues relating to discovery and disclosure of electronically stored information, including the form or forms in which it should be produced.

    E.    The parties do *not* agree as to when reports from retained experts under Rule 26(a)(2) should be exchanged. Plaintiff believes initial reports from a party bearing burden of proof in issue should be due **August 12, 2008**; from rebuttal expert reports **September 12, 2008**; and from reply expert reports **October 10, 2008**. Defendant believes initial reports from party bearing burden of proof in issue should be due **December 19, 2008**; from rebuttal expert reports **January 23, 2009**; and from reply expert reports **February 20, 2009**.

**12.    Settlement Discussions.**  The parties have engaged in settlement discussions and anticipate settlement discussions will continue.

**13.    Settlement Conference.**  The parties do not believe a settlement conference would be beneficial at this point in the proceedings, but are open to the possibility of a settlement conference after some discovery has taken place.

**14.    Other items.**

A.    The case does not require reference to the procedures set forth in the Manual on Complex Litigation.

B.    The parties do not request severance or bifurcation of any issues for discovery or trial.

C.    The parties agree that they should be allowed until **April 30, 2008** to join additional parties.  At this time, the parties cannot reasonably predict the likelihood of the appearance of additional parties.  The parties do *not* agree as to the last date to amend the pleadings.  Plaintiff believes that the parties should be allowed until **April 30, 2008** to amend the pleadings.  Defendant believes that the parties should be allowed until **December 5, 2008** to amend the pleadings.

D.    Since discovery has not yet been initiated, the parties do not have a firm understanding as to which, if any, issues may be determined by motion.  However, the parties believe that it is likely that some issues may be appropriate for resolution by motion.  Plaintiff proposes that all dispositive or partially dispositive motions should be filed by **November 20, 2008**.  Defendant proposes that all dispositive or partially dispositive motions should be filed by **July 7, 2009**.

E.    The parties do *not* agree as to whether a *Markman* hearing or briefing schedule is necessary.  Plaintiff believes that any construction of claims can be conducted in the context of dispositive motions and the associated dispositive motion briefing schedule and/or hearing date mentioned in Paragraph 14.D., above. Defendant believes that claim construction briefing and a Markman hearing would be helpful to the Court in construing the claims.   Defendant requests that Initial *Markman* briefs be filed on January 16, 2009; Rebuttal *Markman* briefs be filed on February 13, 2009; and, Reply *Markman* briefs be filed on March 6, 2009.

Respectfully submitted,

/s/
Raymond P. Niro
Dina M. Hayes
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
(312) 236-0733     Fax:  (312) 236-3137
rniro@nshn.com
hayes@nshn.com
**ATTORNEYS FOR PLAINTIFF**

/s/
Peter J. Meyer
Steptoe & Johnson LLP
115 South LaSalle Street
Chicago, Illinois  60603
(312) 577-1300     Fax:  (312) 577-1370
**ATTORNEYS FOR DEFENDANT**

Steve Davidson
Scott Doyle
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
(202) 429 -3000     Fax:  (312) 577-1370
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing **JOINT RULE 26(F) REPORT** was served upon the below listed counsel via electronic transmission on February 27, 2008:

>Peter J. Meyer
>Steptoe & Johnson, LLP
>115 South LaSalle Street
>Chicago, IL 60603
>Telephone: (312) 577-1300
>Fax: (312) 577-1370

>/s/_____
>**Counsel for Plaintiff**