MHN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

INNOVATIVE PATENTED
TECHNOLOGY, LLC

        Plaintiff,

        v.

Motorola, Inc.,

        Defendant.

Civil Action No.: 1:08-00005
Honorable Robert M. Dow Jr.

## JOINT PROTECTIVE ORDER  *AS MODIFIED*

WHEREAS, Innovative Patented Technology, LLC ("Plaintiff") and Motorola, Inc.

("Defendant") (collectively, "the Parties") believe that the discovery process in the above-

captioned civil action ("the Action") will require the disclosure by Plaintiff or Defendant, or by a

third party or other party who may later become involved in this Action, of documents,

information, or other materials that may contain or relate to confidential, proprietary, or trade

secret information within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS the Parties believe that it would facilitate discovery in this Action to produce

such information under a Protective Order pursuant to Fed. R. Civ. P. 26(c), in order to protect

such information from unnecessary disclosure to others;

IT IS HEREBY ORDERED that the following Protective Order is entered in this Action.

### DEFINITIONS

1.     "PARTY" means the Plaintiff and the Defendant in this Action, or any person or

entity that may later join this Action, or third party that may produce documents or other

1

materials, or provide testimony in this Action, and every director, officer, employee, and managing agent thereof.

2.      "DISCOVERY MATERIAL" means any document (in any form, including specifically hard copy or computer readable form), thing, deposition testimony, interrogatory answer, response to request for admission, response to request for production, or other information provided or produced as part of this Action.

3.      "DESIGNATING PARTY" or "PRODUCING PARTY" means the Party, or any other person or entity, providing or producing Discovery Material as part of this Action.

4.      "RECEIVING PARTY" means any and all Parties receiving Discovery Material as part of this Action.

5.      "CONFIDENTIAL INFORMATION" means and includes any and all non-public Discovery Material that a Producing Party in good faith believes constitutes, contains, reveals, relates to, or reflects trade secrets, processes, operations, research, technical or development information or apparatus, production, marketing, sales, shipments, unpublished pending patent applications, know-how, or other proprietary or confidential trade secret, technical, business, financial, commercial, or personnel information within the meaning of Fed. R. Civ. P. 26(c)(7).

6.      "HIGHLY CONFIDENTIAL INFORMATION" shall mean and include any and all Confidential Information whose disclosure to any Receiving Party or any other entity would be likely to cause harm to the competitive position of the Producing Party.

7.      "ACCESS" means providing, making available, or disclosing an original or a copy of any Discovery Material to a Party or a Third Party, including a summary thereof.

## NATURE OF PROTECTED INFORMATION

8.      Nothing herein shall impose any restriction on the use or disclosure by a Producing Party of its own documents, information, or Discovery Material.

2

9.      A Producing Party may in good faith designate Discovery Material as either

Confidential Information or Highly Confidential Information at the time of its disclosure,

production, or tender to a Receiving Party, or at any other such time as may be permitted by this

Protective Order.  The inadvertent failure to designate Discovery Material as either Confidential

Information or Highly Confidential Information does not constitute a waiver of such a claim; a

Producing Party may so designate Discovery Material after such Discovery Material has been

produced, with the effect that such Discovery Material is thereafter subject to the protections of

this Protective Order.

10.      The designation of Discovery Material as Highly Confidential Information

constitutes a representation by the Producing Party that the Discovery Material has been

reviewed by an attorney and that there is a valid basis for such designation.

11.      The designation of Discovery Material in the form of documents, responses to

admissions, responses to interrogatories, or other tangible materials (including without limitation

computer media, tapes, and the like), other than depositions or other pretrial testimony, shall be

made by the Producing Party by conspicuously affixing the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" on each page containing any Confidential Information or Highly

Confidential Information to which the designation applies.  In the event a party produces

Discovery Materials in electronic format (computer files in native electronic file format, as kept

in the ordinary course of business) the Producing Party shall affix the confidentiality designation

of the Discovery Materials in a Concordance data base field named "CONFIDENTIALITY."

The Producing Party shall also stamp Discovery Materials with a unique identifier, and, to the

extent practical, the legend shall be placed near or along the same margin as the unique

3

identifier.   In the event a party produces Discovery Materials in electronic format, the Producing

Party shall affix the unique identifier in a Concordance database field named "DOCID."

12.     Either a Party or an interested member of the public may challenge any

confidential designation.

## DESIGNATION OF CONFIDENTIALITY

13.     For the purposes of this Stipulated Protective Order, "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" shall mean that the document contains a trade secret or other

confidential technical or business information, or other information required by law or

agreement to be kept confidential and may include, but is not limited to: (I) confidential research

and development information; (ii) highly sensitive business, financial, sales or marketing

information; (iii) technical information relating to any present or future products; (iv)

information relevant to or capable of being utilized for the preparation or prosecution of a patent

application dealing with each such subject matter; or (v) any other information that a producing

party regards as highly sensitive.  The designation shall apply to information and materials of the

producing party or information and materials of a third-party that the producing party is

obligated to protect as confidential.

14.     No Discovery Material shall be designated as Confidential Information or Highly

Confidential Information that:

a.     Has been or becomes lawfully in the possession of a Receiving Party

through communications other than production or disclosure in this Action, or in other litigation,

for example, as a result of legitimate business dealings between the parties, unless the Discovery

Information is covered by a separate non-disclosure or confidentiality agreement, in which case

4

the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

      b.    Has been or becomes part of the public domain, for instance by publication, and not due to any unauthorized act or omission on the part of a Receiving Party or any of its authorized representatives or designees under this Protective Order.

## DISCLOSURE OF PROTECTED INFORMATION

15.    The Parties agree to restrict Access to Discovery Material designated as Confidential Information to the following Qualified Persons:

      a.    Niro, Scavone, Haller & Niro, attorneys of record for Plaintiff, and their stenographic, clerical, and paralegal employees whose duties and responsibilities require Access to such Discovery Material;

      b.    Steptoe & Johnson LLP, attorneys of record for Defendant and their stenographic, clerical, and paralegal employees whose duties and responsibilities require Access to such Discovery Material;

      c.    A total of one in-house attorney of each Party whose name is listed below and who has responsibility for maintaining, defending, or evaluating this litigation ("In-House Counsel"):

| | Plaintiff | Defendant |
| --- | --- | --- |
| Name | J. Beauregard Parker | Tom Miller |

The Parties to this Action may substitute their In-House Counsel.

d.     Retained independent consultants or experts for a Party (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require Access to such materials), who are not current directors, officers, employees, or managing agents of any Party to this Action, any company related to a Party to this Action, or any direct competitor of any Party to this Action;

e.     Retained vendors, jury consultants, and mock jurors, who are not current directors, officers, employees, or managing agents of any Party to this Action, any company related to a Party to this Action, or any direct competitor of any Party to this Action;

f.     The Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Action;

g.     Outside Discovery Material processing services, including document copying services, document coding services, and computerization services.  Notwithstanding any other provision of this protective order, Access to Confidential Information shall be permitted to such service providers without need for the execution of Exhibit A.  The Party providing Confidential Information to an outside Discovery Material processing service shall be responsible for that service provider's compliance with the provisions of this Protective Order.

h.     Any other person or entity whom the Parties agree in writing may receive Discovery Material designated as "CONFIDENTIAL INFORMATION."

16.     The Parties agree to restrict Access to Discovery Material designated as Highly Confidential Information to the following Qualified Persons:

a.     Niro, Scavone, Haller & Niro, attorneys of record for Plaintiff, and their stenographic, clerical, and paralegal employees whose duties and responsibilities require Access to such Discovery Material;

6

b.      Steptoe & Johnson LLP, attorneys of record for Defendant, and their stenographic, clerical, and paralegal employees whose duties and responsibilities require Access to such Discovery Material;

c.      Retained independent consultants or experts for the Parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), who are not current directors, officers, employees, or managing agents of any Party to this Action, any company related to a Party to this Action, or any direct competitor of any Party to this Action;

d.      Retained vendors, jury consultants, and mock jurors, who are not current directors, officers, employees, or managing agents of any Party to this Action, any company related to a Party to this Action, or any direct competitor of any Party to this Action;

e.      The Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Action;

f.      Outside Discovery Material processing services, including document copying services, document coding services, and computerization services. Notwithstanding any other provision of this Protective Order, access to Highly Confidential Information shall be permitted to such service providers without need for the execution of Exhibit A (List of Qualified Persons) or the execution of Exhibit B (Notice of Adherence). The Party providing Highly Confidential Information to an outside Discovery Material processing service shall be responsible for that service provider's compliance with the provisions of this Protective Order; and

g.      Any other person or entity whom the Parties agree in writing may receive Discovery Material designated as "HIGHLY CONFIDENTIAL INFORMATION."

17.     Qualified Persons defined in paragraphs 15(e) and 16(d) shall be allowed Access to Confidential Information or Highly Confidential Information only after complying with the following procedures:

a.     Each Party shall prepare a written list, in a form similar to Exhibit A hereto, setting for the name of the person, his or her occupation, and business address for each person described in paragraphs 15(e), and 16(d) who is given access to Confidential Information or Highly Confidential Information and who have not been expressly identified above in paragraph 15(c).

In addition, counsel for a party proposing any such expert or consultant identified in paragraphs 15(d) and 16(c) herein, shall submit to outside counsel of record for the other party a copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit B signed by such expert or consultant and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. The original of each such Notice of Adherence shall be maintained by counsel proposing the expert. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations: (i) the industry in which the relationship(s) took place; (ii) the general technology involved; (iii) the dates of the relationship(s); (iv) a statement of whether the relationship(s) was with a competitor Defendant; (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. A party

8

proposing such expert or consultant shall respond within seven (7) Court days to any reasonable

request for additional information regarding the employment or consulting relationships or other

professional activities of the proposed expert or consultant

        b.     Unless a party notifies the proposing counsel of its objections to any such

proposed expert or consultant, and the basis therefor, within seven (7) Court days after the

receipt of a copy of the Notice of Adherence referred to in subparagraph (a) above, such expert

or consultant shall thereafter be deemed a qualified recipient and entitled to receive the

designating party's Confidential Information and Highly Confidential Information pursuant to

the terms and conditions of the protective order.

        c.     Should the opposing party timely notify proposing counsel of its

objection, the objecting party shall have seven (7) Court days from its notice of objection within

which to file a motion to preclude the proposed disclosure. Should such a motion be filed,

proposing counsel shall not disclose material designated under this Protective Order to such

proposed person until the resolution of the motion. Failure of the objecting party to file such a

motion shall be deemed a waiver of any objection to the disclosure of information to the

proposed person, subject to the terms of this Protective Order.

## RESTRICTION ON USE OF PROTECTED INFORMATION

      18.    Confidential Information and Highly Confidential Information, and the substance

or content thereof, including any notes, memoranda, or other similar documents relating thereto,

shall be used by a Receiving Party and its authorized representatives or designees under this

Protective Order solely for the purpose of this Action and any appeals therefrom. No person or

entity shall be granted Access to Confidential Information or Highly Confidential Information,

including the Parties to this Action, other than as permitted by paragraphs 15 and 16 of this

Protective Order. Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of its attorney of record.

In the event any person subject to the terms of the Protective Order is served with a subpoena or request for production of Confidential Information or Highly Confidential Information, it will give sufficient notice in writing (by facsimile) to the Producing Party to allow the Producing Party a reasonable opportunity to intervene to oppose or limit such production. In no event shall the person receiving the subpoena or other process produce Confidential Information or Highly Confidential Information of any Producing Party in response to the subpoena or other process unless and until such person or party has: (i) received written authorization from counsel for the Producing Party to produce said Information; or (ii) been ordered to do so by a court of competent jurisdiction.

19.    During the course of preparing for a deposition or testimony, a deponent/witness may be shown Confidential Information or Highly Confidential Information from a Producing Party's Discovery Material, but such Access is limited to that Discovery Material that on its face reasonably indicates that its was authored or received in the normal course of business by the deponent/witness. When Confidential Information or Highly Confidential Information is discussed, quoted, or referred to in any deposition, the Party responsible for such disclosure shall ensure that only persons permitted by paragraphs 15 and 16, as well as those deponents/witnesses described above, of this Protective Order to have Access to such Discovery Material are present. The use of any such Confidential Information or Highly Confidential Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

10

## COURT FILINGS & PROCEEDINGS

20.     Any deposition transcript containing Confidential Information or Highly Confidential Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated.  Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential Information or Highly Confidential Information), or when the Confidential Information or Highly Confidential Information is disclosed (when not previously anticipated), to separate those portions of the transcript containing such Confidential Information or Highly Confidential Information and separately bind them from the non-confidential portions. However, a Party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Highly Confidential Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall then accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) business days after receipt of the transcript.  Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be and contain Highly Confidential Information.  In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as Confidential Information or Highly Confidential Information, whichever protection is being sought, until this Court rules otherwise.

11

21.    The parties submit and the Court finds that there may be documents filed in this case that include Confidential and Highly Confidential information, as permitted by 13, that can only be protected by sealing the documents and those portions of the memoranda that discuss the documents. If the parties wish to file any documents, transcripts, exhibits, or other materials referencing Confidential and/or Highly Confidential information as part of a motion, brief, or other pleading, they shall first obtain leave of Court to file the Confidential and/or Highly Confidential information under seal. If leave is granted, the party filing the motion, brief, or other pleading that contains Confidential and/or Highly Confidential information shall, at the time of the filing, submit any Confidential and/or Highly Confidential information to the Court in a sealed envelope. The parties agree to comply with Local Rules 26.2 and 5.8 when filing such documents. The parties also agree to file redacted public versions of any documents and memoranda that are filed under seal. Upon obtaining leave of Court as specified above,

Any pleading, paper, or other document filed in this Action that contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings that contain Confidential Information or Highly Confidential Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL—SUBJECT TO PROTECTIVE ORDER—CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL" and shall otherwise comply with the Court's order on the subject.

22.    Any person in possession of or with Access to Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential nature of that Discovery Material is maintained.

## CHALLENGES TO CONFIDENTIAL INFORMATION

23.    Challenge of designation as either Confidential Information or Highly Confidential Information:

a.    Neither the signing of this Protective Order nor the failure of a Party at the time it receives Discovery Material designated as Confidential Information or Highly Confidential Information, to challenge or to object to the Confidential Information or Highly Confidential Information designations shall be deemed a waiver of its right to challenge or object to the Confidential Information or Highly Confidential Information designations at any later time.

b.    Any Party may at any time challenge the designation of any Discovery Material as Confidential Information or Highly Confidential Information and may request permission to use or disclose Discovery Material with a Confidential Information or Highly Confidential designation, other than as permitted pursuant to this Protective Order, by serving (by facsimile transmission) a written request upon the attorney of record for the Producing Party at least seven (7) calendar days before the date of the proposed disclosure/use and by providing telephonic notice of such request to the attorney of record on the same date as the facsimile is transmitted.  Such request shall specifically identify by unique identifier of the Confidential Information or Highly Confidential Information sought to be disclosed/used and the name, title, and function of the person to whom disclosure is desired to be made or the use to be made of such Confidential Information or Highly Confidential Information.  The Designating Party shall thereafter respond to the request in writing within seven (7) calendar days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure/use, the matter may be submitted to the Court for resolution by the Party or Third Party seeking disclosure/use.  Disclosure/use shall be postponed until a ruling has been obtained from the Court.

24.    Notwithstanding any default provisions of this Protective Order providing for the treatment of Discovery Material as Confidential Information or Highly Confidential Information, in the event of disagreement, the designating Party shall have the burden of proving that the Discovery Material at issue is entitled to the protection of this Protective Order.

### MISCELLANEOUS

25.    If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential Information or Highly Confidential Information and to prevent further disclosure.

26.    Entering into, agreeing to, and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

a.    Operate as an admission by any Party that any Discovery Material designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.    Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information or Highly Confidential Information;

14

        c.      Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or the Discovery Material subject to this Protective Order;

        d.      Prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material, including that designated as Confidential Information or Highly Confidential Information, should be subject to the terms of this Protective Order;

        e.      Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

        f.      Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

        g.      Prevent any Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Highly Confidential Information by that party.

    27.      All provisions of this Protective Order restricting the use of Discovery Material shall continue to be binding on the Parties and all persons who have received Discovery Material under this Protective Order after the conclusion of this Action, including all appeals, until further Order of the Court, unless otherwise agreed upon in writing.

        a.      Any and all originals and copies of Discovery Material designated as Confidential Information or Highly Confidential Information, shall, at the request of the Producing Party, be returned within sixty (60) days after a final judgment in this Action or

settlement of this Action, or, at the option of the Producing Party, destroyed in that time frame, except that the attorneys of record for each Party or Third Party may maintain in its files one copy of each pleading filed with the Court, each propounding discovery request along with its corresponding response, each deposition together with the exhibits marked at the deposition, and documents constituting work product that were internally generated and that were based upon or that include Confidential Information or Highly Confidential Information.

        b.     In the event that an attorney of record maintains such documents or information, it shall not disclose material containing any type of Confidential Information or Highly Confidential Information to another person or entity absent subpoena or court order. Upon receipt of any subpoena or court order for such information, the Party receiving the subpoena shall immediately notify in writing (by facsimile transmission) the attorneys of record for the Designating Party of the subpoena or court order so that the Designating Party may act to protect its interests.

        c.     In the event that Discovery Material is returned to or destroyed at the request of the Producing Party, the party returning or destroying that Discovery Material or its attorneys of record shall certify in writing that all such Discovery Material has been returned or destroyed.

        28.     The inadvertent production of any privileged or otherwise protected or exempted Discovery Material, as well as the inadvertent production of Discovery Material without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided the Producing Party shall immediately notify the

Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party or, at the option of the Producing Party, destroyed with written confirmation of the destruction. In the event the Receiving Party disputes the claim of privilege or protection by the Producing Party and the Parties are unable to resolve the dispute, the Receiving Party may move the Court for an Order compelling production of that Discovery Material and those attorneys shall not use such information for any purpose until further Order of the Court.

29.    Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it had been "So Ordered."

30.    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

Raymond P. Niro
Dina M. Hayes    Tahiti Arsulawicz
Niro, Scavone, Haller & Niro
1818 West Madison, Suite 4600
Chicago, Illinois 60602-4515

*Counsel for Plaintiff, Innovative
Patented Technology, LLC*

Steven K. Davidson
Scott W. Doyle — Peter J. Meyer
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue
Washington, DC 20036

*Counsel for Defendant, Motorola, Inc.*

SO ORDERED:

United States District Judge

4/29/08
Date

17

EXHIBIT A

LIST OF QUALIFIED PERSONS, paragraphs 15(e), and 16(d)

| NAME | BUSINESS ADDRESS | OCCUPATION/ TITLE | GOVERNING PARAGRAPH | DATE IDENTIFIED |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

18

EXHIBIT B
**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division**

**INNOVATIVE PATENTED
TECHNOLOGY, LLC**

      **Plaintiff,**

    v.

**Motorola, Inc.,**

      **Defendant.**

**Civil Action No.: 1:08-00005
Honorable Robert M. Dow Jr.**

I hereby certify (I) my understanding that Discovery Material and/or Confidential Information and/or Highly Confidential Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Northern District of Illinois (the "District Court") in this Action, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated:                       Signature:

                               Name:

                               Address: